IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 27 2016
BY ARTHUR JOHNSTON DEPUTY

JONATHAN FREEMAN, JONATHAN F. FREEMAN,
TAJA L. GOFF, EURSULA GOFF, LAKESHIA WARE,
BARBARA SALVA, T'ANNA REESE, ROBIN SMITH,
AMANDA H. BRUMFIELD, JESSE SALVA,
and CHRISTINA C. BOUNDS                                                        PLAINTIFFS

VS.                                           CASE NO.: 1:16cv236 HSO-JCG
                                              JURY TRIAL DEMANDED

BRANDI'S HOPE COMMUNITY SERVICES, LLC                             DEFENDANT

## COMPLAINT

COME NOW the Plaintiffs, Jonathan Freeman, Jonathan F. Freeman, Taja L. Goff, Eursula Goff, Lakeshia Ware, Barbara Salva, T'anna Reese, Robin Smith, Amanda H. Brumfield, Jesse Salva, and Christina C. Bounds, (hereinafter referred to "Plaintiffs"), and sue Defendant, Brandi's Hope Community Services, LLC (sometimes hereinafter referred to as "Defendant" or Brandi's Hope), and allege as follows:

### I. CAUSE OF ACTION.

1. This action is brought under the Fair Labor Labor Standards Act ("FLSA") to recover from Defendant unpaid wages and unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs, and any other relief this Court deems just and appropriate. Additionally, Plaintiffs seek a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act, 28 § U.S.C. 2201.

### II. PARTIES, JURISDICTION, AND VENUE.

2. Plaintiff JONATHAN FREEMAN, is an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Freeman was a non-exempt employee of

1

Defendant who at various times worked hours on behalf of Defendant for which he was not paid an hourly minimum wage as required by the FLSA and who also at various times worked more than (40) hours in a work week on behalf of Defendant Brandi's Hope for which he was not paid overtime wages as required by FLSA.

3. At all relevant times, Plaintiff JONATHAN F. FREEMAN was an adult resident citizen of Harrison County, Mississippi. At all relevant times, Plaintiff Freeman was a non-exempt employee of Defendant Brandi's Hope who at various times worked hours on behalf of Defendant for which he was not paid an hourly minimum wage as mandated by the FLSA. During several weeks, Plaintiff Freeman worked more than (40) hours in a work week for Defendant for which he was not paid overtime wages as required by FLSA.

4. At all relevant times, Plaintiff TAJA L. GOFF was an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Taja L. Goff was a non-exempt employee of Defendant Brandi's Hope who at various times worked hours for Defendant for which she was not paid an hourly minimum wage as mandated by the FLSA. During certain weeks, Plaintiff Taja L. Goff worked more than (40) hours in a work week for Defendant and Defendant did not pay her overtime wages as required by FLSA.

5. At all relevant times, Plaintiff EURSULA GOFF was an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Eursula Goff was a non-exempt employee of Defendant Brandi's Hope who at various times worked hours on Defendant's behalf for which she was not paid an hourly minimum wage as mandated by the FLSA. During several weeks, Plaintiff Eursula Goff worked more than (40) hours in a work week for Defendant for which she was not paid overtime wages as required by FLSA.

6. Plaintiff LAKESHIA WARE, is an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Lakeshia Ware was a non-exempt employee of

Defendant Brandi's Hope who at various times worked hours on behalf of Defendant for which she was not paid an hourly minimum wage as mandated by the FLSA. At various other times, Plaintiff Ware worked more than (40) hours in a work week for Defendant for which she was not paid overtime wages as required by FLSA.

7. Plaintiff BARBARA SALVA, is an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Salva was a non-exempt employee of Defendant Brandi's Hope who at various times worked hours on behalf of Defendant for which she was not paid an hourly minimum wage as mandated by the FLSA. At other times, Plaintiff Salva worked more than (40) hours in a work week for Defendant and for which Defendant did not pay Plaintiff Ware overtime wages as required by FLSA.

8. Plaintiff T'ANNA REESE is an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Reese was a non-exempt employee of Defendant Brandi's Hope who at various times worked hours on behalf of Defendant for which she was not paid an hourly minimum wage as mandated by the FLSA. At other times, Plaintiff Reese worked more than (40) hours in a work week for Defendant for which Defendant did not pay Plaintiff Reese overtime wages as required by FLSA.

9. At all relevant times, Plaintiff ROBIN SMITH was an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Smith was a non-exempt employee of Defendant Brandi's Hope who at various times worked hours on Defendant's behalf for which she was not paid an hourly minimum wage as mandated by the FLSA. During several weeks, Plaintiff Smith worked more than (40) hours in a work week for Defendant for which she was not paid overtime wages as required by FLSA.

10. At all relevant times, AMANDA H. BRUMFIELD, was an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Brumfield was a non-exempt

employee of Defendant Brandi's Hope who at various times worked hours on Defendant's behalf for which she was not paid an hourly minimum wage as mandated by the FLSA. During several weeks, Plaintiff Brumfield worked more than (40) hours in a work week for Defendant for which she was not paid overtime wages as required by FLSA.

11. At all relevant times, JESSE SALVA, was an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Salva was a non-exempt employee of Defendant Brandi's Hope who at various times worked hours on behalf of Defendant for which he was not paid an hourly minimum wage as mandated by the FLSA. During more than one week, Plaintiff Salva worked more than (40) hours in a work week for Defendant for which he was not paid overtime wages as required by FLSA.

12. At all relevant times, CHRISTINA C. BOUNDS was an adult resident citizen of Pearl River County, Mississippi. At all relevant times, Plaintiff Bounds was a non-exempt employee of Defendant Brandi's Hope who at various times worked hours on Defendant's behalf for which she was not paid an hourly minimum wage as mandated by the FLSA. At other times, Plaintiff Bounds worked more than (40) hours in a work week for Defendant for which she was not paid overtime wages as required by FLSA.

13. Defendant, Brandi's Hope Community Services, LLC, is a Mississippi limited liability company operating and conducting business in the State of Mississippi, with corporate offices located at 720 B 3rd Street SW, Magee, MS 39111, in Simpson County, Mississippi. Defendant Brandi's Hope operates facilities and conducts business within several counties in the State of Mississippi, including within Harrison County, Jackson County, and Pearl River County, and is therefore within the jurisdiction of this Court. This cause of action arose from or relates to the contacts of Defendant with and doing the business in the State of Mississippi, in Harrison, Jackson, and Pearl River Counties, Mississippi.

14. During parts of the years 2013, 2014, 2015 and 2016, Plaintiffs, Jonathan Freeman, Jonathan F. Freeman, Taja L. Goff, Eursula Goff, Lakeshia Ware, Barbara Salva, T'anna Reese, Robin Smith, Amanda H. Brumfield, Jesse Salva, and Christina C. Bounds worked at various times as direct care professionals or direct support professionals on behalf of Defendant Brandi's Hope at its facilities located in Pascagoula, Mississippi, Picayune, Mississippi, and Gulfport, Mississippi.

15. This Court has jurisdiction over Plaintiff's' claims and the subject matter of this action pursuant to 28 U.S.C. § 1337, 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

16. Venue is proper in this district because all, or a substantial portion, of the acts, conduct, and events forming the basis of Plaintiffs' claims occurred in the Southern District of Mississippi, Southern Division.

17. At all material times, Defendant was an employer as defined by FLSA, including but not limited to as defined in 29 U.S.C. § 203(d).

18. At all material times relevant to this action, Brandi's Hope, was an enterprise covered by the FLSA, including but not limited to as defined by 29 U.S.C. §§ 203(r) and 203(s).

19. At all material times, Defendant, Brandi's Hope, has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

20. Plaintiffs, as Defendant's employees were individually engaged in commerce in that they handled goods which had previously been moved in commerce and in that they were required to work with and on goods and /or materials that had previously been moved through commerce within the meaning, intent and purpose of FLSA. Plaintiffs, as Defendant's employees, were individually engaged in interstate commerce during their employment with Defendant within the meaning, intent, and purpose of the FLSA.

## III. FACTS

21. Defendant Brandi's Hope owns and operates several residential facilities which provide housing, independent living, and job support services for disabled individuals.

22. During the years 2013, 2014, 2015 and 2016, Plaintiffs, Jonathan Freeman, Jonathan F. Freeman, Taja L. Goff, Eursula Goff, Lakeshia Ware, Barbara Salva, T'anna Reese, Robin Smith, Amanda H. Brumfield, Jesse Salva, and Christina C. Bounds worked at various times as direct care professionals or direct support professionals on behalf of Defendant Brandi's Hope.

23. As direct care professionals and direct support professionals, Plaintiffs provided assistance to persons with disabilities residing in Defendant's housing facilities. Plaintiff's primary duties included, but were not limited to, assisting with household chores, providing job support, self-care support, feeding assistance, hygiene assistance, assisting with recreational activities, and transportation support for disabled residents in Defendant's housing facilities.

24. During Plaintiffs' tenure with Defendant as direct care professionals and direct support professionals, Defendant implemented a work schedule regime whereby Defendant required Plaintiffs whose shifts ended at 11:00 p.m. to clock out but remain at their assigned work sites for eight (8) hours, until 7:00 am the next morning, in an on call status. During the entirety of their eight (8) hour on call shift, all Plaintiffs were strictly prohibited from leaving their assigned work stations.

25. These eight (8) hour on call shifts Defendant mandated of each Plaintiff constituted work hours for which Plaintiffs were entitled to compensation. During the eight hour on call period, Plaintiffs were not idle, in addition to being prohibited from leaving their assigned work facility, each Plaintiff actually performed off the clock work duties and services on Defendant's behalf for which they were not paid.

6

26.     At all times relevant to this action, Defendant failed to comply with FLSA, including but not limited to 29 U.S.C. §§201-209.  Plaintiffs performed services for Defendant for which no provisions were made by Defendant to ensure that Plaintiffs were paid their complete wages, or to ensure that Plaintiffs were paid at least time and one half their regular rate of pay for all hours worked on behalf of the Defendant in excess of forty (40) within a work week.

27.     By mandating that Plaintiffs remain at their assigned work sites on call for an eight (8) hour period without pay, Defendant failed to pay Plaintiffs at an hourly wage rate and an overtime wage rate as required by FLSA.

28.     Defendant's refusal to pay Plaintiffs for the on call hours deprived Plaintiffs of their complete wages and overtime wages for one or more work weeks.

29.     Defendant's failure to pay Plaintiffs the legally mandated minimum wage and proper overtime wages was willful and not based on a good faith and reasonable belief that its conduct complied with FLSA.

30.     During the time period when each named Plaintiff was employed by Defendant, Defendant engaged in a willful and continuing violation of the wage, hour, and overtime mandates of FLSA.

### IV. CAUSE OF ACTION
### RECOVERY OF OVERTIME
### AND UNPAID WAGES

31.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1 through 30 above as though fully restated herein.

32.     Plaintiffs are entitled to be paid time and one half their regular rate of pay for all hours worked over forty (40) within a work week during their employment tenure with Defendant.

7

33. Defendant failed and refused to compensate Plaintiffs at one half their regular hourly wage for all hours worked over forty (40) within a work week as required by the FLSA.

34. As a result of Defendant's actions in this regard, Plaintiffs have not been paid the correct wages and overtime wages for each hour worked during one or more weeks of employment with Defendant during the years 2013, 2014, 2015 and 2016.

35. Defendant willfully failed to pay Plaintiffs their correct overtime wages for one or more weeks of work contrary to FLSA, including but not limited to 29 U.S.C. § 206.

36. Defendant's practice of failing to pay each named Plaintiff time-and-a-half based on each named Plaintiff's regular rate of pay for hours in excess of forty (40) per workweek violated the FLSA, including but not limited 29 U.S.C. § 207.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or any of the named Plaintiffs.

38. Defendant knowingly and willfully disregarded wage and hour and overtime wage provisions of the FLSA. Defendant failed to compensate Plaintiffs at the statutorily required wage rate for all hours worked and further failed to pay Plaintiffs an overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week. Defendant knew or should have known such wages were due and that non-payment a statutorily mandated wages and nonpayment of the statutorily required overtime pay would financially damage each Plaintiff.

39. As a direct and proximate result of Defendant's deliberate underpayment of wages and failure to pay appropriate overtime wages, each named Plaintiff has been damaged in the loss of wages and loss of overtime wages for one or more weeks of work with Defendant.

40. Plaintiffs are entitled to recover unpaid wages and unpaid overtime compensation.

41. Plaintiffs are entitled to an amount equal to all of their unpaid minimum wages and overtime wages as liquidated damages as mandated by FLSA, 29 USC § 216(b).

42. Plaintiffs are entitled to recover attorney's fees and costs as required by the FLSA, 29 USC § 216(b), and other appropriate laws.

43. Plaintiffs hereby demand trial by jury on all issues so triable.

## V. PRAYER

44. For the reason set forth herein, Plaintiffs respectfully request that judgment be entered against Defendant in their favor awarding the following relief:

a. Award each Plaintiff unpaid wages, in an amount to be proved at trial, for all hours worked during which Defendant paid each Plaintiff a wage rate not in compliance with FLSA;

b. Award each Plaintiff unpaid overtime compensation, in an amount to be proved at trial, for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

c. Award each Plaintiff an equal amount of unpaid wages as liquidated damages as required under the FLSA;

d. Award each Plaintiff reasonable attorney fees, costs, and expenses of this action as provided by the FLSA, and any other applicable laws;

e. Award each Plaintiff prejudgment and post-judgment interest;

f  An order requiring Defendant to correct its pay practices going forward; and

g. Such other relief to which each Plaintiff may be entitled, at law or in equity.

**WHEREFORE**, Plaintiffs, Jonathan Freeman, Jonathan F. Freeman, Taja L. Goff, Eursula Goff, Lakeshia Ware, Barbara Salva, T'anna Reese, Robin Smith, Amanda H.

Brumfield, Jesse Salva, and Christina C. Bounds, demand all unpaid wages; all unpaid overtime wages at one half their regular rate of pay for each hour worked by them on the Defendant's behalf in excess of forty (40) per work week; liquidated damages or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest allowable rate; reasonable attorneys' fees and costs pursuant to the FLSA; and any other applicable laws or statutes.

       Respectfully submitted,

       Jonathan Freeman, Jonathan F. Freeman, Taja L. Goff,
       Eursula Goff, Lakeshia Ware, Barbara Salva, T'anna Reese,
       Robin Smith, Amanda H. Brumfield, Jesse Salva, and
       Christina C. Bounds, Plaintiffs

By: *[signature]*
    Louise Harrell, MSB # 8466
    Plaintiffs' Attorney
    P.O. Box 2977
    Jackson, MS  39207
    Phone: (601) 353-0065
    Fax: (601) 608-7999
    harrelllouise@aol.com